The undersigned respectfully dissents from the Opinion and Award of the majority finding that plaintiff's current complaints are related to a specific traumatic incident which occurred on October 1, 2003. It is apparent from the testimony of Dr. Getter that it is impossible to know whether the incident on October 1, 2003 led to plaintiff's present condition.
On October 3, 2002, plaintiff presented to Dr. Getter with complaints of pain related to several work-related incidents which aggravated plaintiff's pre-existing back condition. At that time, plaintiff started complaining of right-sided leg pain which had not been present previously. Dr. Getter testified that this pain would indicate that some compression of the nerve, and that sometime prior to October 3, 2002, plaintiff had injured one of his remaining discs.
The testimony of Dr. Getter reveals that plaintiff was in virtually the same condition on January 13, 2004 as he had been on October 3, 2002. Dr. Getter indicated in his deposition that he linked plaintiff's current condition to the work-related accident of October 1, 2003 due to the temporal relationship between the incidents and the complaints. Post hoc ergo propterhoc, or after this because of this, is not competent evidence of causation. Young v. Hickory Business Furniture, 353 N.C. 227,538 S.E.2d 912, 915 (2000).
I do not believe that plaintiff has met his burden of proof regarding causation in this case. The greater weight of the evidence fails to show that plaintiff's current condition is related to the October 1, 2003 incident. Accordingly, I dissent.
This the __ day of ____, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN